In The United States District Court
For The Southern District of Texas
Houston Division

Kelly Elaine Slayton,
SPN # 03078865
Petitioner,

V.                                              Case No. 4:25-cv-05533

Sheriff Ed Gonzales,
Respondent

United States Courts
Southern District of Texas
FILED

JUL 27 2026

Nathan Ochsner, Clerk of Court

Petitioner Kelly Elaine Slayton's Motion to Supplement Answer In Rebuttal to Respondent's Motion to Oppose Writ of Habeas Corpus

Petitioner, Kelly Elaine Slayton, respectfully prays to move this court for continuance.

Certificate of Conference
Respondent has made no effort to convene with Petitioner as to ascert whether Petitioner is opposed or un opposed to Respondent's Motion.

page 1 of 26

Case No. 4:25-cv-05533

<u>Certificate of Service</u>

I certify that pursuant to the Federal Rules of Civil Procedure, a true and correct copy of which this is attached is filed with the Clerk of Court using regular mail system and served notice to the Assistance District Attorney Meagan T. Scott on July 17th, 2026 via regular mail with the USPS to the following:

Respondent Via Regular Mail:
Meagan T. Scott
Assistant District Attorney
1201 Franklin, Sixth Floor
Houston, TX 77002

page 2 of 26

Case NO. 4:25-cv-05533

Texas Courts have no Admiralty Jurisdiction in Criminal Proceedings see United States V. White 2023 U.S. Dist. LEXIS 94478 - Motion DE 118 - 6th Amendment Speedy Trial, Ramos V. Louisiana, 140 S.Ct. 1390, 1395, 206 L.Ed. 2d 583 (2020); United States V. Bell, 925 F.3d 362, 373 (7th Cir. 2019)

Petitioner Claims that the Respondent has acted beyond their authority" by initiating and continuing State prosecutions based on defective instruments, fabricated/altered records, and proceeding by info. instead of grand Jury indictment, while ignoring jurisdictional challenges and misusing process through threats of arrest and rescheduling rather than dismissing void charges. Jurisdiction over Petitioner is lacking, because Harris County Courts are "fraudulently operating under Maritime and admiralty jurisdiction, using admiralty seals and claiming Harris County as territory of the land." Slayton is one of the people under the law of the land (common law), and statutes are not law as applied to natural persons. Improper Conversion from law of the land to Maritime Jurisdiction

page 3 of 26

Without Slayton's express consent constitutes a violation of constitutional rights, statutory provisions, and an established Supreme Court precedent. See Polendo v. Corpus Christi Mun. Cts., 2025 U.S. Dist. LEXIS 252909. County corporations posses no inherent sovereignty or right of soil. Citing (Pollard v. Hagan, 44 U.S. 212, 11 L. Ed. 565 (1845). Because there's no "right of soil", Harris County posses no criminal jurisdiction over me. I am a natural person possessing inherent sovereignty that is sacred, inviolable, and non-negotiable.

Ten Causes of Action in Detailed Operative Complaint (Petitioner's Legal Claims And Requested Relief)

a. Claim #1 - Fourth Amendment rights violation by Respondent. Respondent proceeded with prosecution without proper warrants supported by probable cause, " Participated in and facilitated unlawful detention and search procedures, and used evidence obtained from unconstitutional methods in judicial proceedings.

Case No. 4:25-cv-05533

b. Claim #2 - Fifth Amendment rights violation by Respondent. Petitioner claims that the Respondent had proceeded with the ongoing prosecution against Petitioner despite Slaytons denial of consent, have failed to provide proper notice of charges, warrants, or proceedings, have relied on inadmissable hearsay evidence as the sole basis for probable cause, have operated courts that lack jurisdiction over criminal cases (as evidence by the 1971 Attorney General Opinion), and have wrongly attempted to compel Petitioner to comply with whatever Respondent presents in a plea.

c. Claim #3 - Sixth Amendment rights violation, where Petitioner alleges by the Respondent. Slayton claims that the Respondent, in the ongoing criminal prosecution against Petitioner, have relied on hearsay evidence without allowing Petitioner to confront Witnesses against Slayton, have failed to properly inform Petioner of the nature of the cause of the charges against Petitioner, have proceeded with prosecution without proper notice or service process, and have used computer database

Case No. 4:25-cv-05533

information as evidence without allowing cross-examination of the sources

d-Claim 4- Fourteenth Amendment, Petitioner alleges a violation by Respondent. Petitioner claims that the respondent denied Slayton due process through improper notice, reliance on inadmissable evidence, and "Obstruction of access to courts." The Respondent also allegedly wrongfully applied laws to Petitioner "a natural person engaged in Private travel" While not applying such laws to others similarly situated, without rational basis for such disparate treatment. Petitioner further claims that the Respondent obstructed Petitioner's access to courts "through deliberate obstruction of electronic filings and manipulation of court documents, and by violating Petitioner's fundamental rights to privacy and right to be let alone."

page 6 of 26

Case No. 4:25-cv-05533

e. Claim 5 — Unlawful exercise of admiralty or maritime jurisdiction. Petitioner alleges that the Respondent has "unlawfully exercised admiralty/maritime jurisdiction over Petitioner, a natural person on land engaged in private, non-commercial activity." Respondent, Petitioner says has allegedly ignored the 1971 Attorney General Opinion that allegedly prohibits criminal jurisdiction over Petitioner.

f. Claim 6 — Malicious Prosecution
Petitioner brings a Texas state law claim against Judge Maritza Antu, Harris County, Harris County District Attorney, Harris County Sheriff's Office, and Sheriff Ed Gonzales. She alleges that these Respondents "initiated and continued criminal proceedings against Petitioner without probable cause and with malice." Petitioner acknowledges that the prosecution has not yet terminated in Petitioner's favor but is expected to close! She further alleges that the "Malicious Nature of this prosecution is particularly evident in light of" the 1971 Attorney General Opinion,

Page 7 of 26

Case No. 4:25-cv-05533

Which "Provided Respondent with clear notice that they lacked jurisdiction in criminal cases." Respondent allegedly then "deliberately created the Harris County District Courts as a corporate political subdivision specifically to circumvent this constitutional limitation and continue prosecuting criminal cases without lawful authority." The Respondents alleged Knowledge of their lack of jurisdiction, Petitioner claims, "transforms their prosecution from merely unlawful to deliberately malicious." Petitioner further claims that the Respondent's Malicious intent is demonstrated by their dropping warrants, allegedly in response to Petitioners jurisdictional challenge, but then rescheduling new court dates. As part of this claim Petitioner alleges that the officers affadavit relied upon for the pending criminal charges "reveals no injured party anywhere in the document, confirming no crime occurred and that this prosecution is based on regulatory violations disguised as criminal matters."

Page 8 of 26

Case No. 4-25-cv-05533

g. Claim 7 — Conspiracy to Violate Civil Rights
Petitioner alleges that the Respondent conspired
to deprive Petitioner of her constitutional
rights under the Fourth, Fifth, Sixth, and
Fourteenth Amendments with the intent to
impede Justice and deny Petitioner Equal
protection of the Laws. Petitioner claims that
the respondent's overt acts include:

• Fraudulent exercise of admiralty
jurisdiction, malicious prosecution following
unlawful detention;

• Obstruction of access to courts through
manipulation of court documents and obstruction
of electronic filings;

• Systematic misapplication of commercial
regulations to Petitioner. (who claims that she is
a natural Person)

• The "coordinated response to Petitioner's
jurisdictional challenge by dropping warrants
but rescheduling court dates rather than
dismissing charges."

page 9 of 26

Case No. 4:25-cv-05533

⊙ the Simultaneous appointment of judicial officers creating conflicts of interest to prevent impartial adjudication.

• And the systematic fabrication of documents by supervisors to support fraudulent prosecutions

Petitioner also alleges that the state Judges participated in conspiracy by continuing the criminal proceedings despite knowledge of the jurisdictional limitations, thereby facilitating the continued violations of Petitioner's rights.

h-Claim 8 - Conspiracy against rights under 18 U.S.C. §241

Petitioner alleges that all of the Respondents conspired to "injure, oppress, threaten, and intimidate Petitioner in the free exercise and enjoyment of rights and privileges secured to her by the constitution and laws of the United States, in violation of U.S.C §241." Petitioner acknowledges that §241 is a criminal statute but asserts a

Page 10 of 26

Case No. 9-25-cv-05533

private right of action... based on the severe
and systematic nature of the violations alleged."

i. Claim 9 - deprivation of rights under color of
law under 18 U.S.C. § 242.
Petitioner alleges that all of the respondents
"Willfully subjected Petitioner to the deprivation
of rights, privileges, and immunities secured and
protected by the Constitution and Laws of the
United States, in violation of 18 USC § 242.
Petitioner acknowledges that § 242 is a
criminal statute, but "asserts a private
right of action..., based on the severe and
Systematic nature of the violations alleged."
Petitioner alternatively asks the court to direct
the "proper authorities for criminal
investigation and further proceedings."

j. Claim 10 - treason
Petitioner alleges that all of the Respondent's
actions constitute "treason against the
Constitution (18 U.S.C. § 2381), by waging war
against the Constitution through the
Systematic

Page 11 of 26

Case NO. 4:25-cv-5533

Subversion of constitutional rights and the fraudulent imposition of admiralty/maritime jurisdiction on land." Petitioner also accuses the Respondent of Misprision of treason under 18 U.S.C. §241, violation of oath of office under 5 U.S.C. §3331, usurpation of power, and "deliberate circumvention of constitutional limitations on jurisdiction."

## K. Requested Relief

Petitioner requests monetary relief, general damages, and immediate release. Petitioner requests "the complete dismissal with prejudice of all pending charges against Petitioner in the Harris County Courts, given their demonstrated lack of jurisdiction as established by the 1917 Texas Attorney General Opinion...." Petitioner seeks an award of $3 Million in compensatory damages against Harris County based on their reckless and callous indifference to Petitioner's Federally protected rights.

Case No. 4:25-cv-05533

The Dismissal Motion and Petitioner's Response.
Opposing the dismissal of Habeas Corpus,
Petitioner responds that the respondents have
relied on "conclusory evasions" and failed to respond
to the complaints specific claims. Respondent's
evasion runs a foul of the general rules of pleading
in Federal Rule of Civil Procedure 8. Petitioner argues
that perpetual rescheduling prejudice Petitioner.
(Barker v. Wingo, 407 U.S. 514, 532, 92
S. Ct. 2182, 33 L Ed. 2d 101 (1972)).
The Judge's "inaction and notices taints
neutrality." Muni's non-sovereign forum
compounds Venue flaws. Pollards Lessee. 44 U.S.
at 223. Petitioner's defense of her fourteenth
amendment allegation is that "selective targeting
post-notices be speaks of case-of-one
discrimination", and that substantive due process
guards...liberty... with reschedulings 'fencing out'
sans basis... voids unequal enforcement even
neutral statutes. These counts interweave the
9th and 10th's tri-sovereign Compact: Federal
(enumerated), State (reserved), People (residual).

page 13 of 26

Case NO. 4:25-cv-05533

Petitioner contents that malicious prosecution claim should remain, focusing on how she has plausibly alleged the claims elements. She argues that prosecution is malicious because of "defective Process" (citing Johnson V. Town of prosper, NO. 4:23-cv-00650, 2025 U.S. Dist. LEXIS 102677, 2025 WL 1811510 (E.d. Tex. July 1, 2025)) Petitioner argues that the 7th Amendment right to Jury trial "bars premature dismissal on disputed facts." Petitioner concludes by arguing that Respondents dismissal motion is a "fortress of fictions", and that dismissal would profane the peoples sovereignty.

Federal Rule of Civil Procedure 12(b)(6)
Reviewing courts are to accept all well-pleaded facts as true, viewing them in the light most favorable to the Petitioner. See Martin K. Eby Const. Co. V. Dall. Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004)

Petitioner meets all younger abstentions. Petitioner's facing prosecution is one or more ongoing state

Case No. 4:25-cv-05533

Criminal Cases and seeks federal enjoinment in the State prosecutions. Specifically, a court may disregard Younger abstention doctrine when (1) the state statute upon which the prosecution is based is "flagrantly and patently violative of express Constitutional prohibitions in every clause, sentence, paragraph, and in whatever manner and against whomever an effort might be made to apply it" or (2) the state court proceedings was brought in bad faith or with the purpose of harrassing the federal Petitioner. See Frericks, 2025 WL 2858904 at *6.

Petitioner reserves the right to amend her complaint. See Rodrigues v. United States, 66 F.3d 95, 97 (5th Cir, 1995).

G. Motions for sanctions, Under Federal Rule of Civil Procedure 11, Respondents' Motion to dismiss is frivolous. The dismissal motion amounts to an "abusive tactic" because it advances "blanket dismissals without rebutting the specific facts." Their contentions are not likely true.

Case NO. 4:25-cv-05533

Their fabricated correlations are not causation to delay trial. Petitioner requests substitute Judicial service in the Federal court.

The Fifth Circuit waives the Younger abstention in Gates v. Strain, 885 F.3d 874. We have recognized that application of the Younger abstention doctrine can also be waived, Tex. Ass'n of Bus., 388 F.3d. at 519. (Waiver is the "intentional relinquishment or abandonment of a known right.") Petitioner, in the signature block of her response to the dismissal motion also cites to Section 1-308 of the Uniform Commercial Code.

Citations:
Maritime Law, Albert Saunders . London, 1901; Sweet & Max Well. LTd.
Fitzgerald, 212 Fed. 678.
Wildcroft, 201, U.S., 378.
Summer v. Caswell, 20 Fed. 249
Dan, 40 Fed. 691.
Harlem, 27 Fed. 236.
Hattie P., 63 Fed. 1015

page 16 of 26

Case NO. 4:25-cv-05533

Citations Continued:
Manitoba, 104 Fed. 145
Majestic, 56 Fed. 244
Normania, 62 Fed. 469
Kensington, 183 U.S. 263

Criminal Code (10. U.S. Comp. St. 1916, 10419 - 10444; 10445 -10462; 10462 -10483)
Admiralty Criminal Jurisdiction "... Under the laws of the U.S. require the proceedings to be according to the practice of common law, so that they are before a jury as in ordinary cases and the ordinary rules of criminal laws are applied."

The state cannot bring a case against petitioner and Judge its own case. It cannot be both party to, and judge of, their own case. Your Honor, the constitution grants this court two different jurisdictions: One is a criminal jurisdiction under a common law, and the other is a condition of contract under the criminal aspects of a Colorable Admiralty Jurisdiction. Under Which of these two jurisdictions does the court intend to try this criminal action?

Page 17 of 26

Case No. 4-25-cv-05533

Does Respondent have a copy of the Rules of Criminal Procedure under Statutory Jurisdiction that they can produce? Where does this nature, cause, and jurisdiction exist? Does Respondent know of a Law Library anywhere that has a copy of these rules? Isn't it the State Judge's duty to specify which rules of Criminal procedure will be used so that Petitioner may conduct a fair defense and fair trial? Your Honor, you must realize that no courts in America have admiralty jurisdiction without also having a valid international contract in dispute and Petitioner is not aware of having entered any international contract. So Petitioner denies any such contract exists. Now, will the Courts instruct the prosecuting attorney to inform this Court that there is a valid international contract in dispute, if there is one, and to place this alleged international contract in evidence? If it exists explain how Petitioner can be party of it? If Petitioner is then how is she compelled to perform under it, if true. And now, since America only owes the debt by an invalid contract...

Case No. 4: 25-cv-05533

How can Petitioner as an American national legally be compelled to perform an invalid contract under the Admiralty Jurisdiction of this Court?

Petitioner will accept what Respondent says she has done upon Proof Of Claim that:

   #1. Petitioner is the decendent.

   #2. That Petitioner has accepted the liability of the decendent.

   #3. That Petitioner is not the beneficiary of the estate.

   #4. That Respondent has a tax liability for their alternate valuation on their carryover basis.

   #5. And that Respondent has to put up their bond for their tax liability and that Respondent is not making a claim on Petitioner's estate.

<u>28 U.S.C. 454 Practicing law From The Bench Section 653 41 USC</u>

Who is furnishing the bond in this case?

page 19 of 26

Case No. 4:25-cv-05533

## Lack of Jurisdiction

The state court lacks jurisdiction to consider Petitioners Indictment, because the indictment is a negotiable instrument Commercial Law, which must have a valid international contract International Maritime contracts must be valid and can only be tried in a court of admiralty jurisdiction not statutory jurisdiction. That Petitioner should have faced Civil charges under Commercial law instead of criminal charges. Claim is not cognizable, because it does not allege a violation of federal law 14th amendment citizens of the U.S. — All Persons born or naturalized in the U.S. and Subject to the jurisdiction thereof.

Title 26 3D 2A (e) (II) Bond in lieu of personal liability. If the qualified heir makes written application to the secretary for determination of the maximum amount of the additional tax which may be imposed by subsection (c) with respect to the qualified heirs interest, the Secretary (as soon as possible) and in any event within one year after the making of such application) shall notify the heir of such maximum amount.

Page 20 of 26

Case No. 4:25-cv-05533

The qualified heir, on furnishing a bond in such amount and for such period may be required, shall be discharged from personal liability for any additional tax imposed by subsection(c) and shall be entitled to a receipt or writing showing such discharge. Determination of Tax Liability Subchapter(4) - Liability For Tax: Each trustee shall be personally liable for the amount of the tax imposed by paragraph(1). Rules similar to the rules of section 2204 26 (U.S.C.S. § 2204) shall apply for purposes of preceeding sentence. 26 U.S.C.S. § 2056(A) - Qualified Domestic Trust. 26 U.S.C.S. § 2204 - Discharge of Fiduciary From Personal Liability.

See David Neal Duncan V.S. State of Tx In a court under the gold-fringed miltary flag of war, enforcing the private, general equity, admiralty, maritime laws in the court rooms. Not the American flag described in title 4. Admiralty is a unique jurisdiction in that it carries criminal penalties for

Page 21 of 26

Case NO. 4:25-cv-05533

civil offenses, only employed to private contracts. Military court rooms cannot bring an accused under such jurisdiction, unless there is a valid international contract in dispute. Our courts today disguise it as Statutory Jurisdiction.

Page 22 of 26

Case NO. 4:25-cv-5533

Certificate of Service

I certify that pursuant to the Federal Rules of Civil Procedure, a true copy of the instrument to which this is attached is filed with the Clerk of Court using regular mail system and served notice to the Assistant District Attorney Via Regular Mail with the USPS to the following:

Respondent via Regular Mail:
Meagan T. Scott
Assistant District Attorney
1201 Franklin, Sixth Floor
Houston, TX 77002

Page 23 of 26

Case NO. 4:25-cv-05533

## Conclusion and Prayer

Slayton presents exhausted State Court remedies as an identified exceptional circumstance warranting federal intervention. State Court remedies are not available to Slayton either through the Texas Court of Criminal Appeals as a Pretrial detainee and in Harris County Sheriffs office Jail available motions to file. Accordingly, for the reasons expressed herein, Petitioner respectfully prays this court grant its motion for immediate release.

Respectfully Submitted,

Kelly E. Slayton

Kelly E. Slayton
C/o Harris County Jail
SPN# 03078865  Cell: 4E2A
1200 Baker St.
Houston, TX 77002-1206

Page 24 of 26

Case No. 4:25-cv-05533

All of the foregoing is true and correct to the best of my knowledge and understanding. Petitioner reserves the right to amend or supplement its Answer at a later date. WHEREFORE, PREMISES CONSIDERED, Petitioner prays that The Honorable Federal Judge Grant Petitioner's Motion to Supplement Answer In Rebuttal to Respondents motion to Oppose Writ of Habeas Corpus.

Date: July 17th, 2026

Respectfully Submitted,
Petitioner: Kelly E. Slayton

C/o Harris County Sheriffs Office Jail
SPN #03078865    CRV:4E24
1200 Baker St
Houston, TX
77002-1206

page 25 of 26

Case No. 4:25-cv-05533

<u>Certificate of Service</u>

I hereby certify that on this 17th Day of July, 2026, a true and correct copy of the above foregoing pleading was mailed to the Clerk of Court. I further certify that a true and correct copy of the above foregoing pleading was likewise mailed to the Respondent at the below address on July 17, 2026.

Meagan T. Scott
Assistant District Attorney
1201 Franklin, Sixth Floor
Houston, TX 77002

Page 26 of 26

**HARRIS COUNTY SHERIFF'S OFFICE JAIL**

Name _Kelly Slayton_

SPN _03078865_ Cell _4E2A_

Street _1200 Baker St._

HOUSTON, TEXAS 77002 _-1206_

**K Keefe** *Commissary Network*

(Legal Mail)

**INDIGENT**

United States Courts
Southern District of Texas
FILED

JUL 27 2026

Nathan Ochsner, Clerk of Court

United States Distr
Southern District of Texas
Houston Division
P.O. Box 61010
Houston, Tx
77208-1010

FIRST-CLASS

US POSTAGE ℠PITNEY BOWES

ZIP 77002 $ 002.56
0008034358 JUL. 21. 2026